**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

**CHRISTLE "C.C." DIXON-MORENO,**

***Plaintiff*,**

v **CIVIL ACTION NO. 1:25-00325-JB-B**

**CITY OF ORANGE BEACH, ALABAMA, et al.,**
***Defendants.***

# SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

## I. SUBSTANTIAL COMPLIANCE DOCTRINE UNDER ALABAMA LAW

1. Historical Foundation and Judicial Precedent

The substantial compliance doctrine is deeply rooted in Alabama jurisprudence regarding public records access. The Alabama Supreme Court established in *Stone v. Consolidated Publishing Co.*, 404 So.2d 678, 681 (Ala. 1981), that courts must "balance the interest of the citizens in knowing what their public officers are doing in the discharge of public duties against the interest of the general public in having the business of government carried on efficiently and without undue interference."

This balancing test inherently recognizes that technical compliance with procedures should not defeat the substantive right of access when the requesting party has provided adequate notice and the government entity suffers no prejudice.

2. *Chambers v. Birmingham News Co*. and Liberal Construction

In *Chambers v. Birmingham News Co.*, 552 So.2d 854 (Ala. 1989), the Alabama Supreme Court established that:

a. The Public Records Act "should be liberally construed" in favor of disclosure
b. There is "a presumption in favor of public disclosure of public writings and records"
c. The party refusing disclosure bears "the burden of proving that the writings or records sought are within an exception"

Critical Application: Where a requestor provides all substantive information required by law in written format with clear identification of records sought, technical form deficiencies should not defeat the request unless they cause actual prejudice to the government entity.

C. The 2024 Amendments Do Not Eliminate Substantial Compliance

Alabama Code § 36-12-45, effective October 1, 2024, states that a public officer "may require" use of standard forms and "shall not be obligated to respond" to requests not made pursuant to written procedures. However, this language:

a. Grants discretion ("may require") rather than mandating rejection
b. Must be read in harmony with established constitutional principles
c. Cannot create arbitrary barriers that violate due process

Statutory Construction Principle: "[S]tatutes should be construed, where possible, to avoid serious constitutional questions." *Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Construction Trades Council*, 485 U.S. 568, 575 (1988).

## II. CONSTITUTIONAL LIMITATIONS ON PROCEDURAL REQUIREMENTS

A. First Amendment Right to Receive Information

The Supreme Court has recognized that the First Amendment protects not only the right to speak but also the right to receive information. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 576 (1980). This right is particularly strong regarding information about government operations and elected officials.

Application: Procedural requirements that effectively deny access to information of high public value—especially information about elected officials before an election—must be narrowly tailored and cannot be applied in an arbitrary manner that defeats the underlying constitutional right.

B. Due Process Constraints on Administrative Procedures

Government procedures that affect fundamental rights must provide adequate process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The Mathews test considers:

a. Private interest affected: Access to information about elected officials before an election
b. Risk of erroneous deprivation: High, when technical form requirements defeat substantively complete requests
c. Government's interest: Administrative efficiency (minimal when requester provides all necessary information)

C. Equal Protection Analysis

Arbitrary application of procedural requirements violates equal protection. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Here, Defendants admit they had complete notice of what records were sought but chose to deny access based purely on format—a classic arbitrary and capricious government action.

## III. ANALYSIS OF DEFENDANTS' CITED AUTHORITIES

A. *Blankenship v. City of Hoover* Supports Plaintiff

Defendants misread Blankenship, 590 So.2d 245 (Ala. 1991). The Court specifically held that cities may require forms "so long as the question is not intended to dissuade people from seeking the records and is not used in the ordinary course as a means to prevent people from having access to such records."

Key Finding: The Blankenship Court was concerned with preventing procedural barriers from becoming substantive denials of access—exactly what happened here.

B. The 2024 Legislative Changes Don't Override Constitutional Requirements

While Act 2024-278 added procedural requirements, it did not:

a. Eliminate the presumption favoring disclosure
b. Override constitutional limitations on government procedures
c. Grant unlimited discretion to deny substantively complete requests
d. Modify the burden of proof on entities claiming exemptions

## IV. THE INVESTIGATIVE MATERIAL EXEMPTION DOES NOT APPLY

A. No Contemporaneous Investigation Existed

Undisputed Timeline:

a. September 2, 2024: Incident occurs, police respond routinely
b. September 2024-July 2025: No investigation of any kind
c. July 2025: Public records requests filed
d. July 17, 2025: City announces "internal review" for the first time
e.

Legal Principle: Alabama Code § 12-21-3.1(b) protects materials created during or for investigations. Body camera footage from routine police responses cannot be retroactively classified as "investigative" based on reviews commenced months later in response to public pressure.

B. Something Extra Publishing Is Distinguishable

In *Something Extra Publishing Inc. v. Mack*, 350 So.3d 1 (Ala. 2021), the Court dealt with materials created during ongoing criminal investigations. Here:

a. No criminal investigation ever existed
b. No administrative review was contemporaneous
c. The footage documents routine police response, not investigation
d. Any later "review" was prompted by political pressure, not investigative need

## V. EMERGENCY NATURE OF RELIEF SOUGHT

A. Election Timeline Creates Unique Urgency

Critical Dates:
1. August 26, 2025: Municipal election (5 days away)
2. September 3, 2025: Scheduled hearing on motion to dismiss

The irreversible nature of elections means that post-election disclosure cannot remedy pre-election constitutional violations. See Bush v. Gore, 531 U.S. 98, 110 (2000) (recognizing unique temporal constraints in electoral contexts).

B. Public Interest in Informed Voting

The Supreme Court has emphasized that "[v]oter ignorance has been permitted the luxury of remaining undisturbed" only where information is not readily available. *Anderson v. Celebrezze*, 460 U.S. 780, 797 (1983). Here, the information exists in government custody and relates directly to candidate fitness for office.

## VI. PROPOSED RESOLUTION

Given the constitutional dimensions and temporal urgency, this Court should:

1. Deny the Motion to Dismiss as to constitutional claims
2. Order immediate in-camera review of the body camera footage
3. Compel disclosure of non-exempt portions before the election
4. Find substantial compliance with public records requirements
5. Grant expedited relief given electoral timeline

## CONCLUSION

This case presents a straightforward application of established legal principles: government entities cannot use technical procedural requirements to deny access to information of extraordinary public importance, especially when the requesting party has substantially complied with all substantive requirements and the denial appears motivated by political considerations. The constitutional rights at stake—access to information, due process, and meaningful participation in elections—demand that this Court look beyond form to substance and ensure that procedural technicalities do not defeat fundamental democratic principles.

X

# APPENDIX: KEY LEGAL AUTHORITIES

**Constitutional Principles**

I. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) - First Amendment right to receive information
II. *Mathews v. Eldridge*, 424 U.S. 319 (1976) - Due process in administrative procedures
III. Village of Willowbrook v. Olech, 528 U.S. 562 (2000) - Equal protection and arbitrary government action

**Alabama Public Records Law**

I. *Stone v. Consolidated Publishing Co.,* 404 So.2d 678 (Ala. 1981) - Balancing test and liberal construction
II. *Chambers v. Birmingham News Co.,* 552 So.2d 854 (Ala. 1989) - Presumption favoring disclosure

**Federal Pleading Standards**

I. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015) - Shotgun pleading standards
II. *Johnson v. City of Atlanta*, 107 F.4th 1292 (11th Cir. 2024) - Incorporation by reference doctrine