IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

**CHRISTLE "C.C." DIXON-MORENO,**

*Plaintiff*,

v                                                                   <u>CIVIL ACTION NO. 1:25-00325-JB-B</u>

**CITY OF ORANGE BEACH, ALABAMA, et al.,**
*Defendants.*

# <u>PLAINTIFF'S MOTION FOR SANCTIONS</u>

# <u>UNDER RULE 11, FED. R. CIV. P</u>

Defendants' Motion to Dismiss is not grounded in fact, misrepresents governing law, and was filed for improper purposes—namely to harass Plaintiff, needlessly increase litigation costs, and delay adjudication of fundamental constitutional rights. Such conduct violates Rule 11(b) and warrants sanctions.

## I. Defendants Knowingly Misrepresented the Pleadings Standard

Defendants assert that Plaintiff's complaint is an impermissible "shotgun pleading". This is frivolous. The complaint expressly identifies each Defendant's role:

a. Mayor Kennon – blocking Plaintiff from official social media and subject of the DV incident.

b. Clerk Eberly – custodian who refused to process requests.

c. Chief Brown – custodian of bodycam footage.

d. City Attorney Logan – provided legal justification for denial.

e. Administrator Handley – involved in policy decisions.

This is the opposite of a shotgun pleading. Defendants' assertion is legally baseless and contradicted by the face of the complaint.

## II. Defendants Misrepresented Alabama Public Records Law

Defendants insist that Plaintiff's requests were "improper" because she did not use the City's proprietary form. This ignores controlling authority that substantial compliance governs, and that

technical deficiencies cannot be used to defeat access. They rely on outdated or distinguishable cases while ignoring binding precedent. This is sanctionable misrepresentation of law.

### III. Defendants Improperly Relied on Matters Outside the Pleadings

Defendants relied heavily on email exchanges not attached to the Complaint, invoking the "incorporation by reference" doctrine. But under Eleventh Circuit law, that doctrine applies only to documents central to claims and undisputed in relevance and authenticity. The emails neither depict the constitutional violations nor the DV incident at the core of this case. Their use here is a bad-faith attempt to rewrite the record.

### IV. Improper Purpose – Delay of Constitutionally Urgent Relief

Defendants are using baseless arguments to delay disclosure of evidence of domestic violence by a sitting mayor on the eve of an election. Courts have long condemned such tactics when used to obstruct constitutionally protected access to information. The improper purpose is transparent: shield politically sensitive evidence until after the election.

### PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Grant sanctions under Rule 11(c) against Defendants and their counsel.

2. Order Defendants to withdraw or strike their Motion to Dismiss as frivolous.

3. Award Plaintiff her reasonable expenses and attorney's fees incurred in responding to the Motion to Dismiss and bringing this Rule 11 motion.

4. Impose such further sanctions as the Court deems just, including referral to the Alabama State Bar for professional misconduct.

**Respectfully submitted on this, the 21st day of August, 2025**

**S/Christle D. Moreno**

**Christle "C.C." Dixon-Moreno, Esq.**

Mississippi Bar No. 105675

(reciprocal admission pending in Alabama)

P.O. Box 1614

Orange Beach, AL 36561

601-203-0911

cc@morenolawms.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of August, 2025, I served a true and correct copy to the Defendant of the above instrument via PACER/ECF.

**S/Christle D. Moreno**