IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTLE "CC" DIXON-MORENO,

    Plaintiff,

v.

CITY OF ORANGE BEACH, et. al. ,

    Defendants.

CIVIL ACTION NO.:  1:25-cv-00325

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Defendants herein reply to Plaintiff's Response ("Response") to their Motion to Dismiss, using the same headings (I. through IX.) as Plaintiffs' Response:

I.    <u>Plaintiff's Complaint is an impermissible shotgun pleading</u>.

Rather than address the shortcomings of her Complaint, Plaintiff tries to amend her Complaint in her Response. Just as an example, in her Response she states that Police Chief Brown "participates in withholding decisions." *See* Doc. 6, p. 2. As another example, she states that City Administrator Handley "[p]articipates in policy decisions regarding records access." These allegations are not contained in her Complaint. They are only in her Response.

Moreno avoids Defendants' argument that the Complaint fails to allege who did what in each of the eight (8) causes of action. All of the "Defendants" are lumped together in each count as the guilty parties, typical of an impermissible shotgun pleading. Moreno does not address this.

At a minimum, Moreno should be required to re-plead her Complaint. As shown in Defendants' Motion to Dismiss, however, Defendants do not contend that the Complaint should be dismissed solely because it is a shotgun pleading, but also on several other grounds as well.

II.   Plaintiff ignores the clear language of the Alabama Public Records Act.

Moreno argues that she "substantially complied" with the City's procedures for record requests. The Alabama Legislature, however, in a 2024 amendment to the Public Records Act ("the Act"), clearly and unequivocally stated:

> A public officer shall not be obligated to respond to a public records request that is not made pursuant to the public officer's written procedures.

ALA. CODE § 36-12-45(a)(3).

 "In the absence of clear legislative intent to the contrary, the word 'shall' is to be afforded a mandatory connotation when it appears in a statute." *State Pers. Bd. v. Prestwood*, 702 So. 2d 176, 179 (Ala. Civ. App. 1997) (*citing Prince v. Hunter*, 388 So.2d 546 (Ala.1980)). Moreno makes no attempt to show a "clear legislative intent" that the word "shall" in the Act is anything other than mandatory. The word "shall" means "shall."

Consider the language of the Act surrounding the above-quoted language of subsection (a)(3), which in context shows that Moreno is required to use the City's standard form:

> (a)(1)  A resident may request access to a public record by following the written procedures for accepting such requests established by the public officer having custody of the public

2

record. The written procedures may establish any of the
following:

    a.      A standard request form for use in submitting a public
            records request.

    b.      A designee, such as a public records coordinator, to whom
            a public records request shall be addressed.

    c.      The permissible method or methods of transmitting a
            public records request.

    d.      Any other policies pertaining to the process for submitting
            a public records request.

(2) The public officer shall make his or her written procedures
concerning public records reasonably available to the public.

(3) A public officer shall not be obligated to respond to a public
records request that is not made pursuant to the public officer's
written procedures.

ALA. CODE § 36-12-45 (emphasis added).

The Alabama Legislature clearly states that a resident may request access to

public records "by following the written procedures" of a City; that the City's

procedures may establish "[a] standard request form"; and the City "shall not be

obligated" to respond to a request that is not made pursuant to the public officer's

written procedures. The intent clearly is that a requestor "shall" use the City's form,

and that the City "shall not" be obligated to respond if she refuses. There is no

wiggle room here for interpretation.

The case of *Chambers v. Birmingham News Co.*, 552 So. 2d 854 (Ala. 1989),

cited by Plaintiff, does not support her argument. The *Chambers* court held that it

would liberally construe the Act – or, to be accurate, a *prior version* of the Act –

3

when that court was asked to apply judicially-created exceptions to disclosure of public records. *Chambers* does not in any way state that a court should ignore clear language of the statute.[1]

Plaintiff has no answer, other than to say that she "substantially complied" with the City's procedures. She represents to the Court that the Act "does not mandate rejection of requests that substantially comply with all statutory requirements." But the Act plainly *does* allow the City to reject her request under ALA. CODE § 36-12-45(a)(3).

Moreno filed a "Supplemental Brief" four minutes after her Response, but it lends no further support to her argument. In that brief, she plucks one sentence from *Edward J. DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568 (1988), for the proposition that statutes should be construed "to avoid serious constitutional questions." *See* Doc. 7, PageID#104. But she fails to identify the "serious constitutional questions" at issue here – in a case where *she* simply refuses to use a standard record request form – and she fails to explain how *Edward J. DeBartolo Corp.* applies to this case.

In her Supplemental Brief, Moreno also cites other Supreme Court cases without explaining the issues in those cases or how they apply here. She also cites a case concerning Equal Protection – although the Complaint makes no claim for Equal Protection. Her scattershot, bullet-point Supplemental Brief offers no logical, informative argument for this Court to consider. As famously stated

---

[1] Moreover, note that *Chambers* was decided 35 years prior to enactment of § 36-12-45.

4

by the Seventh Circuit Court of Appeals, judges "are not like pigs, hunting for truffles buried in briefs." *Chavez v. Sec'y Fla. Dep't of Corr.,* 647 F.3d 1057, 1061 (11th Cir. 2011), *citing United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991).

Again, the City has not denied Moreno's public record request. She simply has never made one under Alabama law.

III.    This Court may properly consider the emails between Moreno and Defendants.

Plaintiff recognizes that a Court may consider documents that are both (1) central to the plaintiff's claims and (2) undisputed as to authenticity. As to the authenticity of the emails, Moreno makes no argument and apparently accepts their authenticity. The emails are either *from* her, or are in response *to* her, and all concern her decisions and actions not to make a proper request for public records under Alabama law.

As for the centrality argument, Moreno makes a curious argument that the email exchanges "do not depict the constitutional violations or the underlying September 2024 incident." Instead, she claims, the emails "show the procedural dispute that followed."

The "procedural dispute that followed" is the crux of Moreno's complaint. It is why she filed this lawsuit. In the complaint, she claims that she "substantially complied" with the City's public record request procedures, and that the City denied her request. Those are precisely the acts that are shown in the emails. Thus, those documents are central to her claims that the City violated the Act.

IV.   <u>Plaintiff does not show that her claims are ripe</u>.

To start, Defendants did not contend in their Motion to Dismiss that *the First Amendment claim*, concerning the mayor's Facebook page, was not ripe. Defendant's ripeness argument concerned the six causes of action pertaining to Moreno's public records request.

For *those* claims, relating to the record requests, a ripeness argument is valid. Moreno's argument to the contrary is, frankly, confusing. She admits that a claim is not ripe for adjudication "if it rests upon contingent future events." In this case, she demands records from the City. But her "right" to such records clearly "rests upon contingent future events." As addressed in Defendants' Motion to Dismiss, there are a number of considerations that the custodian of records has to address before producing documents, which may or may not lead the custodian to determine that Moreno is not entitled to the documents she seeks. That process has not yet taken place. Thus, Moreno's claims are not ripe.

Moreno attempts to escape the ripeness doctrine by citing to *Abbot Labs v. Gardner*, 387 U.S. 136, (1967), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977), with little explanation of how that case applies here. Again, frankly, the argument is unclear and confusing. The Court in *Gardner* determined that a claim was ripe because both sides had moved for summary judgment (apparently without considering the ripeness doctrine), and there was no indication "that further administrative proceedings [we]re contemplated." *Gardner*, 430 U.S at 149. Here, further proceedings are contemplated, namely, the records custodian reviewing the

6

requests and determining what should be produced in response, per the Act.

Consider the seventh (VII) argument in Moreno's Response. She contends that the body camera footage she seeks is not "investigative material" that is exempted from production under ALA. CODE § 12-12-3.1(b). No one with the City has ever made that determination. No one with the City has denied her request for records on the grounds that the records are "investigative material." That is a determination to be made in the future, following a proper records request. Her seventh (VII) argument proves the point: her claims depend upon a future event, and, therefore, they are not ripe for adjudication.

V.    In the complaint, Plaintiff improperly alleged that ALL "Defendants" blocked her from the Mayor's Facebook page.

Responding to Defendants' shotgun pleading argument, Moreno states in her Response that "Only Mayor Kennon Need Be Liable for Social Media Blocking." She further states that she "does not allege that all five defendants personally blocked her from social media." That is just not true.

Her complaint made no distinction between the Mayor and the other Defendants. The language of the complaint itself actually states, in Count 4: "26. Defendants' viewpoint-based blocking of Plaintiff from the Mayor's official Facebook page violated the First Amendment" (emphasis added). Plaintiff is trying to amend her Complaint in her Response to Defendants' Motion to Dismiss.

VI.    Plaintiff's other Causes of Action suffer the same infirmity as her First Amendment claim.

Moreno makes some brief arguments in her Response about the merits of

7

some of her causes of action. Again, Defendants challenged each cause of action on the basis that Plaintiff did not state who was responsible for what, and, thus, the Complaint was an impermissible shotgun pleading. The ultimate merits of Moreno's section 1983 claims and her state law claims do not matter – the point is that she filed a shotgun pleading, failing to allege who did what. That is what is argued in Defendant's Motion to Dismiss.

VII.   Whether the body camera footage is "investigative material" is not relevant at this point.

As stated above, the City has not yet made any determination as to whether records requested by Moreno are "investigative material" and exempt from disclosure. This entire argument by Plaintiff is irrelevant at this time. The point of Defendants' Motion is that Moreno has not made a valid public record request from the start.

VIII.   Plaintiff fails to refute Defendants' other arguments.

At Section VIII of her Response, Moreno touches on some other issues, which Defendants address below.

A.   Ethics claim

Plaintiff offers a cursory response, with no citation to any authority. The Ethics Act clearly provides that "[e]forcement of this chapter shall be vested in the commission," and also that the Attorney General or an appropriate district attorney can enforce provisions of the Ethics Act. *See* ALA. CODE § 36-25-27(c). It does not provide Moreno with any such authority.

8

B.     Wantonness

Moreno concedes this argument.

C.     Attorney Fees

Again, Plaintiff offers a meager, one-sentence response. And she completely misstates the holding of a case, *Kay v. Ehrler*, 499 U.S. 432 (1991). To provide absolute clarity here, Moreno states:

> Plaintiff, as a licensed attorney proceeding pro se, may be entitled to attorney's fees under certain federal civil rights statutes. *See Kay v. Ehrler*, 499 U.S. 432, 438 (1991) (discussing limited circumstances where pro see attorneys may recover fees).

This is a blatant misrepresentation of what the U.S. Supreme Court said in *Ehrler.* The Court actually stated that an attorney representing herself in a civil rights lawsuit <u>is NOT entitled to an award of attorney fees</u>.

Moreover, Plaintiff is NOT "a licensed attorney proceeding pro se." While she may have a license in Mississippi, she does not have a license to practice in Alabama nor in this Court.[2]

IX.    <u>Plaintiff's "public interest" argument has no support</u>.

Moreno makes a final pitch for this Court to ignore the clear language of the Public Records Act, disregard the ripeness issue, and simply find that she is entitled to the records she requests in the name of the "public interest." She cites no authority for such an extraordinary use of judicial power. She claims that voters have a "constitutional right" to "information" about a candidate for election before

---

[2] Undersigned counsel is unaware of whether Moreno's status as an *unlicensed* attorney in this State has changed since the date she filed her Response, wherein her signature line again showed that her reciprocal admission is purportedly "pending" here in Alabama.

the vote, but she fails to cite any provision of the Constitution, apparently hoping this Court will ferret out some support for her claims. This argument has no merit.

WHEREFORE, Defendants respectfully submit that their Motion to Dismiss should be granted.

s/David F. Walker
DAVID F. WALKER (WALKD2617)
david@gallowayllp.com
MELISSA P. HUNTER  (HUNTM3367)
mhunter@gallowayllp.com
ANDREW J. RUTENS  (RUTEA8549)
arutens@gallowayllp.com
GALLOWAY, WETTERMARK
   & RUTENS, LLP
Post Office Box 16629
Mobile, Alabama  36616-0629
PH: (251)476-4493
FX: (251)479-5566
*Attorneys for DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2025, I electronically filed the foregoing with the Clerk of the Court using the PACER system, which will send notification of such filing to the following:

Christle Dixon-Moreno

s/David F. Walker

10