**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ALABAMA**

**CHRISTLE "C.C." DIXON-MORENO,**

***Plaintiff***,

v **CIVIL ACTION NO. 1:25-00325-JB-B**

**CITY OF ORANGE BEACH, ALABAMA, et al.,**
***Defendants.***

# RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE

***COMES NOW***, Plaintiff, Christle "C.C." Dixon-Moreno, and files this Response in Opposition to Defendants' Motion to Continue, and in support states as follows:

I. On August 27, 2025, this Honorable Court entered its Order setting all pending motions for hearing on September 2, 2025, at 1:30 p.m**.** before Chief Judge Jeffrey U. Beaverstock (Doc. 12)

II. Also on August 27, 2025, Defendants moved to continue the hearing citing the following:
   1. Counsel's alleged conflict with a personnel board hearing, and
   2. Co-counsel's flight schedule.

III. Plaintiff strongly opposes any continuance for the following reasons:
   1. The issues before this Court concern ongoing constitutional violations and damages of a continuing and escalating nature.
   2. Each day without resolution compounds irreparable harm to Plaintiff's rights, reputation, safety, and professional standing.

IV. Moreover, Defendants have repeatedly ignored Plaintiff's written correspondence and good-faith attempts at communication, further evidencing a pattern of delay and obstruction rather than genuine scheduling conflicts.

V. This Honorable Court has already consolidated all pending motions into this single hearing, demonstrating its intent to resolve these matters expeditiously. To postpone would undercut judicial efficiency and significantly prejudice Plaintiff.

VI. Defendants' reasoning cited in their Motion to Continue do not amount to "good cause" under State or Federal Law.
   1. A personnel board matter, unlike this federal civil rights litigation, is administrative in nature and may be delegated, rescheduled, or otherwise accommodated.
   2. Travel arrangements likewise do not warrant delay of federal proceedings where significant constitutional interests and damages are at stake.

VII. Federal Rule of Civil Procedure 1 requires that cases be handled “justly, speedily, and inexpensively.” Delaying this hearing frustrates that mandate and rewards Defendants with further opportunity to evade accountability.

VIII. Plaintiff respectfully requests that this Court consider that the prejudice resulting from any postponement, including the ongoing accrual of damages and the erosion of evidentiary integrity, substantially outweighs and eclipses the Defendants’ asserted claims of mere inconvenience.

**Respectfully submitted on this, the 27th day of August, 2025**

**S/Christle D. Moreno**

**Christle “C.C.” Dixon-Moreno, Esq.**

Mississippi Bar No. 105675

(reciprocal admission pending in Alabama)

P.O. Box 1614

Orange Beach, AL 36561

601-203-0911

cc@morenolawms.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2025, I served a true and correct copy to the Defendant of the above instrument via PACER/ECF.

**S/Christle D. Moreno**