**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CHRISTLE "CC" DIXON-MORENO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) **CIVIL ACTION NO. 25-00325-JB-B** |
| **CITY OF ORANGE BEACH, *et al.*,** | ) |
| | ) |
| **Defendants.** | ) |

**<u>ORDER</u>**

This action is before the Court on Defendants', City of Orange Beach (the "City"), Tony Kennon ("Kennon", and Renee Eberly ("Eberly"), (collectively "Defendants"),[1] Motion to Dismiss Amended Complaint[2] (Doc. 26), Plaintiff's response (Doc. 28), Defendants' reply (Doc. 29).  A motion hearing was held on February 23, 2026, with counsel for both parties present. (*See* Doc. 38).  After careful consideration of the relevant filings and arguments and for the reasons stated at the hearing and dictated herein below, Defendants' motion is **GRANTED in part and DENIED in part.**

---

[1] Interim Police Chief Trent Johnson ("Johnson") was named in the Amended Complaint, but not the initial Complaint. He has not been served with the Amended Complaint, Plaintiff did not seek leave to add him as a party, and his appearance in the Amended Complaint is insufficient to add him as a party Defendant.

[2] Plaintiff's initial Complaint was also the subject of a Motion to Dismiss which was granted.  However, Plaintiff was given a second opportunity to file a sufficient pleading.

I.    **Factual and Procedural Background**[3]

Plaintiff Christle "C.C." Dixon-Moreno is an Alabama resident and citizen journalist, who regularly reports on Orange Beach government and policing to a substantial local audience through social media and civic forums.  (Doc. 24).

On or about September 2 through 4, 2024, City police officers responded to a reported incident at a City-owned building.  (*Id*.).  In the ordinary course, body-worn camera, CAD logs, radio traffic, unit GPS or AVL, and written reports would be generated. (*Id*.).

Beginning in 2025, Plaintiff submitted written requests seeking body-worn camera, CAD, radio, and GPS or AVL records of the September 2024 response and related custodian-identifying records. (*Id*.).  Following Plaintiff's July 2025 public-records requests, the City characterized the responsive body-worn camera footage as investigative material and invoked exemptions including Ala. Code § 12-21-3.1(b). (*Id*.).  According to Plaintiff, the September 2024 response generated body-worn camera footage but resulted in no arrest, no charges, and no contemporaneous investigative case file.  (*Id*.).  The subject of the alleged misconduct, Mayor Kennon, exercises supervisory authority over Orange Beach Police Department ("OBPD"), the custodian of the footage.  (*Id*.).  Additionally, On July 17, 2025, after Plaintiff's public-records requests, the City of Orange Beach, not OBPD, opened its own administrative investigation and then characterized the September 2024 footage as investigative material.  (*Id*.).  Moreno further asserts that Kennon uses his mayoral social media account for official announcements, policy

---

[3] The Court recites the Amended Complaint's factual allegations at the motion to dismiss stage.

statements, and public input, and that while using those accounts he deleted critical comments and blocked Plaintiff.[4]

On September 3, 2025 at approximately 9:57 a.m., Plaintiff submitted a public records request through the City of Orange Beach's online portal seeking "ALL Camera Footage – Incident No. 24090105 (Domestic Dispute 09022024)." (Doc. 24). Specifically, Plaintiff requested complete body-worn camera footage, in-car video, metadata logs, CAD radio traffic, vehicle inventory and AVL logs for supervisory units, and a listing of all City and Police Department officials notified of or present at the Coastal Resources Building during the September 2, 2024 domestic dispute incident. (*Id*.). On September 3, 2025, the City of Orange Beach, through City Clerk Renee Eberly, issued a written response to Plaintiff's public records request. (*Id*.). The City denied access to all requested body-worn and in-car camera footage, metadata, and related CAD radio traffic, citing Ala. Code § 12-21-3.1(b) and *Something Extra Publishing, Inc. v. Mack*, 350 So. 3d 663 (Ala. 2021). (*Id*.). The City stated that "law enforcement investigative reports and related investigative material are not public records" and that "body camera video is exempted from disclosure under the Public Records Act by § 12-21-3.1(b) and concluded: "Accordingly, we deny your request." (*Id*.). The City also denied access to in-car video and metadata logs "for the same reasons," but produced a vehicle inventory list in partial response while denying other categories of requested records, including OPS/AVL logs and personnel notification lists, based on Ala. Code §§ 36-12-40, 36-12-43, and 36-12-44. (*Id*.).

---

[4] While not set forth in the Amended Complaint, the social media account at issue was a Facebook account and Plaintiff was blocked for approximately 47 hours.

3

According to Plaintiff,

> [T]he City's categorical denial reflects a municipal policy and custom of treating all body-worn camera recordings as privileged "law enforcement investigative materials," even when generated during administrative or post-incident investigations, and of invoking *Something Extra Publishing* to deny disclosure wholesale. This policy and practice contravene the text and purpose of Ala. Code § 12-21-3.1(b) and operate unconstitutionally as applied to the factual circumstances plead in the Amended Complaint. Plaintiff further alleges that the First Amendment protects both speech and newsgathering and Plaintiff functions as a citizen journalist whose reporting informs voters and taxpayers. Denial in these circumstances operates as a prior restraint on Plaintiff's ability to gather and disseminate news of extraordinary public concern.

(*Id*.). Based on the above events, Moreno's Amended Complaint asserts the following causes of action against the indicated Defendant(s):

Count I- Public Records Act; Declaratory Judgment against the City, Eberly, and Johnson in their official capacities;

Count II- Public Records Act: Mandamus or Injunction against the City;

Count III- 42 U.S.C. § 1983 (*Monell*) Policy or Custom of Nondisclosure and Evidence Concealment against the City.

Count IV- 42 U.S.C. § 1983 Deprivation of Right through Concealment of Body-Worn Camera Evidence against the City.

Count V- 42 U.S.C. § 1983 Denial of Access to Courts against Defendants

Count VI- 42 U.S.C. § 1983 First Amendment Retaliation and Viewpoint Discrimination against the City and Kennon in his individual capacity.

Count VII- Preservation and Sanctions

(*Id*.). Following the filing of Plaintiff's Amended Complaint, Defendants moved for dismissal pursuant to Feder Rule 12(B)(6) for failure to state a claim. The matter is ripe for adjudication.

4

## II.      Standard of Review

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must view the allegations in the light most favorable to the plaintiff and accept the allegations of the complaint as true. *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010). To avoid dismissal, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations and quotations omitted).  The Court should not assess "whether a plaintiff will ultimately prevail but" consider "whether the claimant is entitled to offer evidence to support the claims." *Id*. at 583 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556.  "The Supreme Court's *Twombly* formulation of the pleading standard "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Williams v. Henry*, 2009 WL 3340465, at *2 (S.D. Ala. Oct. 15, 2009) (citations and internal quotations omitted).  "A district court may properly dismiss a

5

complaint if it rests only on 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts.'" *Magwood v. Sec'y, Florida Dep't of Corr.*, 652 F. App'x 841, 843 (11th Cir. 2016), cert. denied sub nom. *Magwood v. Jones*, 137 S. Ct. 675 (2017) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003)).

### III.    Analysis

As an initial matter, Counts One through Four of Plaintiff's Amended Complaint allege causes of action against the City and/or Eberly in their official capacities. (*See* Doc. 24).  According to Defendants, all "official capacity" claims are due to be dismissed because claims against individuals in their official capacities made alongside claims against a city are redundant.  (Doc. 26).  Plaintiff does not appear to contest this position.  Regardless, the Court finds Defendants' request for dismissal of all claims made against the city and the city employees in their official capacity to be redundant.  *See Ex parte Gilland*, 274 So. 3d 976, 980 (Ala. 2018) ("claims that are brought against municipal employees in their official capacity are ..., as a matter of law, claims against the municipality"); *M.R. v. Bd. of Sch. Comm'rs of Mobile Cnty.*, at *2 (S.D. Ala. July 18, 2012) (because suits against municipal officers are, in actuality, suits directly against the city that the officer represents, "courts in this Circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis") (*citing Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1302 n. 3 (11th Cir.2005)).  Accordingly, all claims made against the individuals in their official capacity which are also asserted against the City, are subject to dismissal.

6

### A.     Counts I and II (State Law Claims for Violation of the Public Records Act)

In Count One, Plaintiff "seeks a declaration clarifying the parties' rights and obligations under the [Public Records Act] ("PRA") with respect to the September 2024 body-worn camera footage and related records, including that the City's post-hoc municipal investigation on July 17, 2025 does not convert the footage into law-enforcement investigative material within § 12-21-3.1(b), and that any reliance on state-law exemptions does not control discovery or relief on federal constitutional claims in this action." (Doc. 24).  According to Defendants, Plaintiff's cause of action is due to be dismissed because Plaintiff fails to identify any actual "federal constitutional claims" at stake in Count One.

While Cout One is not the definition of clarity, the Court is narrowly persuaded that Plaintiff's claim is not due to be dismissed at this time.  More specifically, the factual allegations of the Complaint underlying the alleged causes of action indicate Plaintiff made a records request and was denied certain records pursuant to Alabama Public Records Act.  (Doc. 24).  Plaintiff contends the nondisclosure was improper.  Plaintiff's Amended Complaint further states that the "The First Amendment protects both speech and newsgathering. Plaintiff functions as a citizen journalist whose reporting informs voters and taxpayers. Denial in these circumstances operates as a prior restraint on Plaintiff's ability to gather and disseminate news of extraordinary public concern." (*Id*.).

Considering the Complaint in its entirety and taking the factual allegations of the Amended Complaint in a view most favorable to Plaintiff, (as this Court must), it is clear the constitutional claim at issue is one under the First Amendment. Accordingly, the Court is not persuaded that Plaintiff's Amended Complaint fails because it lacks reference to a Constitutional

claim. Because no other arguments are raised with respect to dismissal of this Count, Defendant's

motion is denied with respect to Count One.

In addition to the above stated factual allegations, Count Two of the Amended Complaint

states as follows:

> To the extent the Court determines that the PRA imposes non-discretionary duties applicable here, Plaintiff seeks mandamus and or injunctive relief compelling compliance consistent with the Court's declaratory ruling. This state-law relief is pled in the alternative to and without prejudice to Plaintiff's federal constitutional and discovery rights.

(Doc. 24).  Again, Defendants seek dismissal for failure to state a claim because Plaintiff has not

specifically identified the "rights" involved in her claim.  However, it is evident this claim relies

on the same factual allegations relied on in Count One.  For the same reasons as above, the Court

is not persuaded that dismissal is currently warranted.

### B.    Count III (First Amendment Violation)

According to the Amended Complaint, "the City maintains a policy, practice, and custom

of reflexively denying or delaying disclosure or release of body-worn camera or dashcam

recordings and of invoking state- law exemptions as a pretext to shield official misconduct,

depriving Plaintiff of federal rights including access to courts[5] and free speech."  (Doc. 24).  As

such, Plaintiff claims the City is liable under *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436

U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) because its policy or custom was the moving

force behind the constitutional deprivations. (*Id*.). Defendants acknowledge that, in this Count,

Plaintiff identifies "access to courts" and "free speech", "but does not identify what other 'federal

rights' she is claiming." (Doc. 26).  The Court agrees that no other federal rights are identified.

---

[5] Plaintiff has withdrawn her claim relating to access to courts.

This position, however, does not necessitate the dismissal of the right(s) that were identified. Defendants make no other argument as to why dismissal is warranted with respect to "free speech" protected by the First Amendment.  Accordingly, Plaintiff's claim relating to a violation of her First Amendment rights is not subject to dismissal.

### C.    Count IV (Due Process Violation)

The Amended Complaint explains Count IV as follows:

By withholding objective body-worn camera evidence under a standardless, discretionary regime and invoking investigative-materials theory after any investigative purpose had ended, Defendant City has denied Plaintiff meaningful access to the courts and due process. State-law disclosure restrictions cannot defeat federal constitutional claims or federal discovery obligations. Federal law governs privileges and proportional production.

(Doc. 24). Defendants seek dismissal of this claim on the grounds that although Plaintiff alleges a "due process" violation,[6] she has failed to explain whether her claim is one of procedural or substantive due process or to provide facts to support such a claim. (Doc. 26).  In Response, Plaintiff argues that the City officials and Mayor Kennon improperly invoked an exemption to prevent disclosure of materials that would expose the misconduct of the Mayor Kennon and then "fabricated an 'administrative investigation' within City Hall, an office under the Mayor's control, to retroactively justify the nondisclosure." (Doc. 28).  According to Plaintiff, the above conduct offends both procedural and substantive due process.  (*Id*.)

Section 1983 claims for denial of procedural due process require three elements: "(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Quintanilla v. Bryson*, 730 F. App'x 738, 743 (11th Cir. 2018)

---

[6] *See* Fn. 2.

(quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).   With respect to a potential procedural due process claim, the Amended Complaint offers no detail as to what process was due, or what process was not received.  Instead, the facts presented suggest only that a records request was denied improperly with a conclusory statement that such denial violated due process.  The Court is not satisfied that the Amended Complaint plausibly alleges a procedural due process claim.  *See Jackson v. Brewton*, 595 F. App'x. 939, 942 (11th Cir. 2014) (Vague and conclusory allegations are not sufficient to state a due process claim.).

The Amended Complaint is equally lacking facts pertaining to a plausible substantive due process claim.  Nevertheless, even if such facts were plausibly alleged, dismissal is still warranted because the facts underlying the supposed due process claim regurgitate the factual allegations underlying Plaintiff's First Amendment Claim, i.e. that her records request was denied in violation of free speech and retaliation for Plaintiff's viewpoint.  *See  Lozman v. City of Riviera Beach*, 39 F.Supp.3d 1392, 1413 (S.D. Fla. August 19, 2014) ("a cause of action cannot be based in substantive due process where a more specific constitutional provision is applicable," and a "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim.")(quoting *Brandenburg v. Housing Authority of Irvine,* 253 F.3d 891, 900 (6th Cir. 2001)); *See also Pagan v. Calderon,* 448 F.3d 16, 33 (1st Cir.2006) ("Substantive due process is an inappropriate avenue of relief when the governmental conduct at issue is covered by a specific constitutional provision.").asserts a claim for a First Amendment violation, she may not also seek relief under the more "scarce and open ended" "guideposts" of "substantive due process." *Collins*

10

*v. Harker Heights*, 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).  Accordingly, to the extent it was properly pled, Plaintiff's substantive due process claim is dismissed.[7]

### D.  Count Five- Denial of Access to Courts

Count Five of the Amended Complaint asserts a denial of access to courts.  (Doc. 24). However, at the hearing and recognizing the validity of the arguments raised by Defendants with respect to this claim, Plaintiff voluntarily withdrew this claim.[8]

### E.  Count Six- (1983 against the City and Kennon (individual capacity))

According to Plaintiff, Count VI alleges Defendant violated her First Amendment rights by retaliating against her for engaging in protected speech and by discriminating against her based on her viewpoint.  (Doc. 28).  Count Six stems from Plaintiff being blocked by Kennon on Kennon's social media account and from being denied access to records in alleged retaliation for her critical reporting.

According to the Amended Complaint:

> Plaintiff engaged in protected speech and petitioning activity by requesting records and criticizing City practices. Defendants took adverse actions, including social-media blocking or deletion and withholding records, because of Plaintiff's viewpoint, which would deter a person of ordinary firmness. The blocking or moderation occurred while the Mayor used his account or accounts to speak with actual authority for the City and purported to exercise that authority. Such viewpoint- based restrictions are unconstitutional. The City is liable under *Monell* because the Mayor acted as a final policymaker or pursuant to established municipal practice regarding official communications.

---

[7] Of note, at the hearing, Plaintiff clarified that the constitutional amendment at issue in this action is the First Amendment only.

[8] For procedural clarity and because a plaintiff may not ordinarily dismiss less than all claims against a party, this Court simultaneously grants Defendants' motion as to Count V, for the reasons set forth in Defendants' motion to dismiss.

(Doc. 24). Defendants argue Plaintiff's Amended Complaint fails to state a cause of action because it fails to identify the specific City policy at issue or provide factual support that Kennon was a final decision maker. (Docs. 26 and 29). They additionally argue that, to the extent Plaintiff's position is that the City has policy or custom of "suppressing criticism through selective application of the public-records regime," the Amended Complaint includes little to no facts to support such an allegation. In short, Defendants contend Plaintiff's claims are conclusory and only a "formulaic recitation" that is insufficient as a matter of law. (Doc. 29).

As noted by the Defendants, case law relating to social media is minimal. Nevertheless, it is well settled that a municipality is subject to Section 1983 liability only when its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ). "[M]unicipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) ). However, "[m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." *Id. at 482.*

Here, the Complaint alleges the City is liable because in banning Plaintiff, Mayor Kennon acted as a municipal policymaker with respect to "official communications." (Doc. 24). Moreno further asserts that Kennon uses his mayoral social media account for official announcements, policy statements, and public input, and that while using those accounts he deleted critical comments and blocked Plaintiff. The Amended Complaint also sets forth that Kennon, who is a public official, "acts as the State on social media when he possesses actual authority to speak for

12

the State and purports to exercise that authority." (*Id*.).  The Court appreciates Defendants' position that the facts in this action are similar to those in *Davison v. Randall*, 912 F.3d 666, (4th Cir. January 7, 2019), and the Court recognizes the similarities.  However, *Davison* was decided at the summary judgment stage, and is therefore, in a different procedural posture than this action.   Plaintiff may or may not ultimately be able to establish factual support that Mayor Kennon had final authority with respect to "official communications," but the Court finds that Plaintiff's Amended Complaint narrowly alleges a cause of action.  As such, Plaintiff avoids dismissal.

With respect to Plaintiff's claim relating to her records request, the Amended Complaint set forth the facts surrounding her records requests to the City and the subsequent denials. Plaintiff alleges:

> [t]he City's categorical denial reflects a municipal policy and custom of treating all body-worn camera recordings as privileged "law enforcement investigative materials," even when generated during administrative or post-incident investigations, and of invoking *Something Extra Publishing* to deny disclosure wholesale. This policy and practice contravene the text and purpose of Ala. Code § 12-21-3.1(b) and operate unconstitutionally as applied to the circumstances pleaded herein.

(Doc. 24).

As cited above, Plaintiff also alleges the City took adverse action (denied her records request) due to her viewpoint.  Acknowledging Plaintiff's argument in her response relating to this claim, the City contends that the Amended Complaint does not allege that the City partially denied her records request in retaliation for her public criticism.  (Doc. 29).  However, Paragraph – above, sets forth that Plaintiff "engaged in protected speech [. . .] criticizing City practices" and

13

"Defendants took adverse actions, including [. . .] withholding records, because of Plaintiff's viewpoint." While Plaintiff's Amended Complaint may be minimal, it escapes dismissal.[9]

### F.      Count VII

Count Seven of the Amended Complaint seeks preservation of evidence. (Doc. 24). However, at the hearing, recognizing the validity of the arguments raised by Defendants with respect to this alleged claim, Plaintiff voluntarily withdrew Count VII. [10]

### IV.     Conclusion

For the reasons set forth herein above, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part as follows:**

Count I- **DENIED**
Count II- **DENIED**
Count III- **DENIED**
Count IV- **GRANTED**
Count V- **GRANTED**
Count VI- **DENIED**
Count VII- **GRANTED**

Additionally, all claims against the individual Defendants in their official capacity which are also asserted against the City are dismissed.

**DONE and ORDERED** this 31st day of March, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] While Defendants categorically state that Count VI should be dismissed against the City and Kennon, individually, the arguments presented address *Monell* liability.

[10] For procedural clarity and because a plaintiff may not ordinarily dismiss less than all claims against a party, this Court simultaneously grants Defendants' motion as to Count V, for the reasons set forth in Defendants' motion to dismiss.

14