**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTLE "CC" DIXON-MORENO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 1:25-cv-00325-JB-B |
| | * | |
| CITY OF ORANGE BEACH, et al., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED AND SUPPLEMENTAL COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(a)(2), 15(d), 16(b)(4), 20(a)(2), AND 21**

1. Plaintiff Christle "CC" Dixon-Moreno respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 15(a)(2), 15(d), 16(b)(4), 20(a)(2), and 21, and Civil Local Rule 15, for leave to file the attached Second Amended and Supplemental Complaint. The proposed pleading supplements this action with material facts that occurred after the operative pleading and adds City Councilman Jack Robertson. The City of Orange Beach and Tony Kennon remain Defendants.

2. The operative pleading is the Amended Complaint (Doc 24). Following the Court's ruling on the motion to dismiss (Doc 39), the surviving claims are the Alabama Public Records Act declaratory count, the Public Records Act mandamus or injunction count, the Section 1983 municipal-liability count, and the First Amendment retaliation count.

3. Pursuant to Civil Local Rule 15(b), Plaintiff states specifically that the proposed pleading makes the following changes:

(a) adds Jack Robertson as a Defendant in his individual capacity for damages and, alternatively and solely for prospective declaratory and injunctive relief, in his official capacity as the official who maintains control over the account and can restore Plaintiff's access;

(b) adds supplemental factual allegations concerning post-pleading events, including Robertson's June 30, 2026 public post, the comment restriction, the continuing page-wide block of Plaintiff, the City Council's viewing of the withheld footage, the councilmembers' ethics complaint, and Plaintiff's June 30 and July 1, 2026 preservation demands;

(c) clarifies that the Public Records Act claims rest on Plaintiff's pre-suit July 2025 requests and treats the September 3, 2025 portal submission as a continuation of those pre-suit requests;

(d) limits the Public Records Act claims and the records relief to the non-video administrative records;

(e) uses the body-worn camera statute and the selective disclosure of the footage only as contextual evidence, and not as a claimed statutory entitlement to the video;

(f) separates the federal theories into Count III against the City, Count IV against Kennon, and Count V against Robertson;

(g) narrows the requested relief by defendant and by capacity; and

(h) reproduces the surviving claims and omits the counts dismissed or withdrawn on the motion to dismiss, consistent with Civil Local Rule 15(a), so that the pleading reproduces the entire pleading as amended and does not incorporate any prior pleading by reference.

4. Good cause exists under Rule 16(b)(4) because the facts supporting the proposed supplemental claims did not exist when the deadline to amend pleadings and join parties expired. Robertson published the challenged post and imposed the comment restriction and page-wide block on or about June 30, 2026. Plaintiff and Wendy Fitzwater contemporaneously preserved source screenshots showing Robertson's statements, the public comment thread, and Facebook's notice that Robertson had limited who could comment. After confirming that she could no longer access or participate in the account, Plaintiff emailed Robertson, the City Attorney, and other City officials a formal litigation-hold and preservation demand at 11:53 p.m. on June 30, 2026. Within minutes, Plaintiff transmitted the source screenshots to undersigned counsel. On July 1, 2026, Plaintiff executed the formal preservation demand, transmitted the signed demand by email, and caused it to be sent by certified mail under tracking number 9205590324992802540541. Counsel thereafter investigated the source and attribution of the screenshots, the account's governmental use, Robertson's authority, and the governing law; conferred with Defendants' counsel concerning the proposed amendment, including during an August 3, 2026 telephone conference with Melissa P. Hunter; and obtained the materials necessary to plead the supplemental claims consistently with Rule 11. On August 14, 2026, Plaintiff re-forwarded the original Gmail transmissions and source-image attachments to preserve their sender, recipient, date, and attachment information and separately provided Robertson's June 18, 2026 communication to the media from his official City email address concerning the same governmental controversy, ethics complaints, and pending litigation. Undersigned counsel completed the factual and legal investigation on August 16, 2026, and Plaintiff filed this Motion promptly thereafter. This documented chronology establishes that the expired deadline could not have been met despite Plaintiff's diligence. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). Rule 15(d) provides the procedural mechanism

for presenting these post-filing events, and Rule 16(b)(4)'s good-cause requirement is satisfied because Plaintiff immediately preserved the evidence and pursued the proposed amendment without avoidable delay.

5. Undersigned counsel has conferred with counsel for Defendants regarding this Motion. Defendants oppose the Motion to the extent it adds Jack Robertson as a Defendant.

6. Joinder of Robertson is proper under Rules 20 and 21. Plaintiff's claims against Robertson arise out of the same transaction, occurrence, or series of transactions or occurrences already before the Court and share common questions of law and fact with the pending claims, satisfying Rule 20(a)(2), and Rule 21 authorizes the Court to add a party on just terms.

7. The amendment will not unfairly prejudice Defendants. Any schedule modification necessitated by Robertson's joinder can be addressed through a reasonable amended scheduling order after he appears. That manageable case-management consequence does not constitute undue prejudice.

8. The proposed Second Amended and Supplemental Complaint is attached to this Motion as required by Civil Local Rule 15(b).

WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the attached Second Amended and Supplemental Complaint pursuant to Rules 15(a)(2), 15(d), 16(b)(4), 20(a)(2), and 21, direct Plaintiff to file the Second Amended and Supplemental Complaint within a deadline set by the Court, and grant all further relief the Court deems just and proper.

## MEMORANDUM IN SUPPORT

### I. Introduction

Plaintiff seeks leave to amend and supplement her pleading to add post-filing conduct connected to the public-records dispute and First Amendment claims already before the Court. The amendment is targeted. It adds Councilman Jack Robertson, supplements the retaliation and

viewpoint-discrimination theory with his post-filing conduct, and extends the municipal-liability theory. Robertson is sued in his individual capacity for damages and, alternatively and solely for prospective relief, in his official capacity as the official who controls the account and can restore Plaintiff's access. The City and Kennon remain Defendants, and the proposed pleading reproduces the surviving claims.

## II. Background and Procedural Posture

The operative pleading is the Amended Complaint (Doc 24). On March 31, 2026, the Court granted in part and denied in part the motion to dismiss (Doc 39), leaving pending the two Public Records Act counts, the Section 1983 municipal-liability count, and the First Amendment retaliation count. On or about June 30, 2026, Robertson published a public Facebook post addressing City business, the pending dispute, and Plaintiff's public statements, and directed his remarks at Plaintiff by name; stated in the same thread that he had seen the disputed footage; restricted who could comment on the post; and thereafter blocked Plaintiff from the account. Those events, and the City Council's viewing of the same footage withheld from Plaintiff, are the subject of the supplemental allegations.

## III. Good Cause Exists Under Rule 16(b)(4)

Because the deadline to join parties and amend the pleadings has passed, Plaintiff first addresses Rule 16(b). Where leave to amend is sought after the scheduling-order deadline, the movant must show good cause under Rule 16(b)(4), which turns on the movant's diligence, before the Court applies the liberal standard of Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). Good cause is present. The conduct did not exist at the deadline; it occurred on or about June 30, 2026. Plaintiff then acted diligently, confirming the page-wide block, collecting and attributing the post, comment-restriction, and failed-comment captures, completing the factual and legal investigation required to plead the supplemental claims,

conferring with defense counsel, and moving for leave promptly thereafter, as set out in the Motion. Rule 15(d) supplies the procedural mechanism for pleading events that happened after the date of the operative pleading, subject to the good-cause requirement of Rule 16(b)(4).

### IV. Joinder and Leave Are Proper Under Rules 15, 20, and 21

Rule 20 is intended to promote trial convenience, expedite the resolution of disputes, and eliminate unnecessary lawsuits. *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by *Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) (en banc). Its transaction requirement is applied flexibly and encompasses events that are logically related, even when they did not occur simultaneously. *Alexander*, 207 F.3d at 1323. The Rule requires only some common question of law or fact, not that every issue be common to every defendant. *Id.* at 1324.

Both requirements are satisfied here. Robertson's conduct did not arise from an unrelated personal dispute. His June 30, 2026 post expressly addressed the same pending litigation, the same body-camera footage, the Council's access to and handling of that footage, and advice or direction he attributed to the City Attorney. He directed his remarks at Plaintiff, whose public-records requests, reporting, criticism, petitioning, and litigation form the protected activity underlying the existing First Amendment claims. The alleged comment restriction and continuing block occurred during that same ongoing controversy and, as pleaded, because of that same protected activity. Robertson's conduct is therefore logically related to the transactions and occurrences already before the Court.

The proposed claims also present overlapping questions of law and fact. Those questions include the City's handling and selective disclosure of the footage, the knowledge and motives of City officials, the relationship between Plaintiff's protected activity and the challenged restrictions, the official functions Robertson purported to perform through the account, and whether the

challenged conduct occurred under color of state law. The claims will involve overlapping witnesses, communications, records, and evidence concerning the Council's access to the footage and its response to Plaintiff's requests and litigation. Robertson need not be subject to every existing claim or every form of requested relief. Rule 20(a)(3) expressly provides that a defendant need not be interested in defending against all relief demanded in the action.

Rule 15(d) independently confirms that Robertson may be added through a supplemental pleading. In *Griffin v. County School Board of Prince Edward County*, the Supreme Court held that a supplemental complaint could add new parties who participated in post-filing events when those events were part of the continuing controversy already in suit. 377 U.S. 218, 226-27 (1964). The Court explained that Rule 15(d) permits supplementation based on events occurring after suit and allows the persons participating in those events to be added when necessary. *Id.* That is precisely the situation presented here. Robertson participated in new events arising from the same continuing records dispute, the same footage, the same litigation, and the same alleged course of retaliation. Rule 21 further authorizes the Court, at any time and on just terms, to add a party.

Rule 15(a)(2) directs that leave be freely given when justice so requires. Leave may be denied only for a substantial reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). None is present. The relevant conduct occurred after the operative pleading and after the amendment deadline. Plaintiff acted diligently after discovering and preserving the new evidence. The amendment does not reflect bad faith or a repeated failure to cure. Any necessary schedule modification can be managed by an amended scheduling order, and the proposed claims are not futile for the reasons addressed below. Requiring Plaintiff to file a separate action would duplicate discovery, risk inconsistent factual

determinations, and divide one continuing controversy between two cases. Rules 15, 20, and 21 favor resolving it in this action.

**V. The Post-Filing Events Are Properly Presented by Supplemental Pleading**

Rule 15(d) authorizes a supplemental pleading that sets out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Rule is intended to permit the Court to address post-filing developments and afford complete relief in a single action. *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 226-27 (1964). It also permits the addition of persons who participated in the post-filing events. *Id.* at 227.

The proposed supplemental allegations do not introduce a separate or unrelated controversy. Plaintiff's pending claims concern the City's treatment of her public-records requests for non-video administrative records and the alleged retaliation arising from her requests, public reporting, criticism of City officials, and prosecution of this action. While that controversy remained ongoing, Robertson published a public Facebook post addressing Plaintiff and her statements by name, the pending dispute, the body-camera footage, Council access to the footage, and the City Attorney's advice. Plaintiff alleges that Robertson then restricted participation in the post and imposed and continues to maintain a page-wide block preventing her from viewing or participating in the posts and interactive spaces in which he conducts Council business.

Those events are part of the same continuing controversy and involve overlapping questions of fact concerning Plaintiff's protected activity, City officials' knowledge of that activity, retaliatory motive and causation, the use of official communications channels, and the City's relevant policies, customs, practices, and decision making authority. They also will involve overlapping witnesses, communications, records, and discovery. Requiring Plaintiff to pursue the post-filing retaliation in a separate action would duplicate discovery, consume additional judicial

resources, and create a risk of inconsistent findings concerning the same underlying course of events.

The proposed supplementation does not convert Plaintiff's public-records claims into claims seeking the body-camera footage. Counts I and II seek records relief only as to the requested non-video administrative records. The City's continuing withholding and selective treatment of the footage are pleaded as contextual facts bearing on knowledge, motive, causation, and the alleged retaliatory course of conduct. Allowing supplementation therefore permits the Court to adjudicate the complete controversy while preserving the distinct legal bases and requested relief for each claim.

## VI. The Proposed Claims Plausibly State Claims and Are Not Futile

A proposed amendment is futile only when the amended pleading would remain subject to dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). At this stage, the proposed complaint's well-pleaded allegations must be accepted as true and all reasonable inferences drawn in Plaintiff's favor. Those allegations plausibly state claims against the City, Kennon, and Robertson.

First Amendment retaliation. A First Amendment retaliation claim requires protected activity, adverse action that would likely deter a person of ordinary firmness from exercising First Amendment rights, and a causal relationship between the protected activity and the adverse action. *Bennett v. Hendrix*, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005). Plaintiff alleges protected activity consisting of her public-records requests, reporting and criticism concerning City officials, participation in public discussion of City affairs, and prosecution of this action. She further alleges that Robertson responded by imposing a post-specific participation restriction that excluded her while permitting hostile speakers to remain and by imposing and continuing to maintain a page-wide block that prevents her from accessing, viewing, commenting on, or responding to posts and

interactive spaces concerning Council business. A continuing exclusion from governmental communications and public discussion would deter a person of ordinary firmness from engaging in similar protected activity.

The proposed pleading also alleges a plausible causal connection. Robertson knew of Plaintiff's protected activity, addressed Plaintiff and her statements by name, discussed the pending dispute and the same governmental controversy, restricted her participation while hostile speakers continued to participate, and endorsed hostile comments directed at her. The actionable conduct is the restriction as applied to Plaintiff and the continuing page-wide block. The post's content and timing, Robertson's references to Plaintiff and her statements, and the "liked by Author" markers are pleaded as evidence of knowledge, motive, causation, and purported exercise of governmental authority, not as independently actionable retaliation.

State action. *Lindke v. Freed* holds that a public official's social-media conduct constitutes state action when the official possessed actual authority to speak for the government on the particular matter and purported to exercise that authority in the challenged social-media activity. 601 U.S. 187, 198-204 (2024). Actual authority may arise from written law or from a governmental custom or usage that is sufficiently permanent and well settled to carry the force of law. *Id.* at 200-01. The proposed complaint does not rely merely on Robertson's title, the appearance of the account, or the fact that he discussed public affairs. It alleges an established Council practice and usage authorizing Robertson to communicate with the public concerning Council business and alleges that this authority extended to the particular matters addressed in the challenged post.

The proposed complaint also pleads the second *Lindke* requirement. Robertson allegedly spoke in collective governmental terms, addressed what the Council knew and had reviewed, discussed the City Attorney's advice, described Council access to the body-camera footage, and purported to explain or defend the Council's conduct in the pending controversy. Those allegations concern both the content and function of the post and plausibly support the inference that Robertson purported to exercise governmental authority rather than merely expressing a private opinion about public affairs.

The continuing page-wide block independently requires consideration under *Lindke*. Because a page-wide block reaches beyond a single post, the relevant question is whether Robertson acted under color of law with respect to any post on which Plaintiff wished to participate. *Id.* at 203-04. Plaintiff alleges that the block remains in effect and that she continues to wish to view and participate in Robertson's posts and interactive spaces concerning Council business. That allegation tracks the precise technological and constitutional distinction recognized in *Lindke* and plausibly states an ongoing injury.

Viewpoint discrimination. When the government opens an interactive space for public participation, it ordinarily may not exclude speech or speakers because of viewpoint. *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 811 (2019). The Eleventh Circuit has recognized at the pleading stage that a public official's social-media account used for official statements, governmental information, and communication with the public may constitute a public forum from which speakers cannot be excluded based on their views. *Attwood v. Clemons*, 818 F. App'x 863, 867-68 (11th Cir. 2020); *see also Davison v. Randall*, 912 F.3d 666, 687-88 (4th Cir. 2019). Plaintiff alleges that public participation was permitted before the challenged conduct, that she and other members of the public participated, and that Robertson excluded her while permitting hostile

speakers addressing the same controversy to remain. Those allegations plausibly support viewpoint discrimination.

Municipal liability. Count III alleges identifiable municipal policies, customs, and final-policymaker decisions rather than respondeat superior liability. The alleged municipal conduct includes the City's categorical withholding and selective disclosure of body-worn-camera recordings, the retaliatory denial of Plaintiff's public-records requests, Mayor Kennon's directed decision concerning the withholding and characterization of the footage, and Kennon's exclusion of Plaintiff from an official communications channel. These allegations concern retaliatory and selective governmental treatment and do not premise Plaintiff's public-records claims on a statutory entitlement to the body-camera footage.

A municipality may be liable for a widespread policy or custom or for a single decision made by an official possessing final policymaking authority concerning the subject matter. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-84 (1986). The proposed complaint identifies the alleged policies and customs, the officials who implemented them, and the particular decisions that caused Plaintiff's alleged injuries. It further alleges that Kennon possessed final policymaking authority under Alabama law and personally directed the challenged municipal response. Whether Defendants can rebut those allegations presents a merits question and does not establish futility on the face of the proposed pleading.

Robertson's capacities and prospective relief. Count V seeks damages against Robertson only in his individual capacity. Its alternative official-capacity component seeks only prospective relief requiring restoration of access to posts and interactive spaces in which Robertson acts under color of state law. The proposed complaint alleges that, through established municipal practice and

usage, Robertson possessed final and unreviewable authority over access to and participation in those official-use spaces, that no other City official reviewed or reversed his moderation decisions, and that he continues to control the block and is the official capable of removing it. The theory therefore rests on an alleged municipal delegation or settled practice concerning control of the official-use forum, not merely on Robertson's technical ability to operate a personal Facebook account. Because official-capacity relief remains subject to municipal-liability principles, *Los Angeles County v. Humphries*, 562 U.S. 29, 36-37 (2010), the proposed complaint pleads that municipal connection expressly.

If the Court ultimately concludes that the alternative official-capacity designation duplicates the claim against the City, that limited remedial issue would not justify denying leave to add Robertson individually. The Court may address or dismiss the duplicative component without foreclosing the individual-capacity claim or the remaining amendments.

Qualified immunity. Qualified immunity does not make Count V plainly futile. Plaintiff alleges that the challenged conduct occurred after *Lindke*, that Robertson exercised actual governmental authority concerning matters within his assigned role, that he purported to exercise that authority in the relevant communications, and that he intentionally excluded Plaintiff from governmental interactive spaces because of her protected speech and viewpoint. *Bennett* establishes the right to be free from governmental retaliation for protected speech, *Halleck* recognizes the prohibition against viewpoint-based exclusion from a governmental forum, and *Lindke* supplies the governing state-action test for official social-media activity, including page-wide blocking.

The factual and legal questions concerning the source and scope of Robertson's authority, the governmental function of the relevant posts, the reason for the restriction and block, and the application of those authorities do not establish qualified immunity from the face of the proposed pleading. Robertson remains free to raise qualified immunity after service through the appropriate motion. Qualified immunity, in any event, does not bar the prospective relief sought against Robertson in his alternative official capacity.

## VII. Leave Will Not Unfairly Prejudice Defendants

The amendment adds facts that arose after the operative pleading and concerns evidence Defendants already possess or control and were directed to preserve on June 30, 2026. Any schedule modification necessitated by Robertson's joinder can be addressed through a reasonable amended scheduling order after he appears. That manageable case-management consequence does not constitute undue prejudice, and denying leave would force Plaintiff to bring a separate action concerning the same controversy.

## VIII. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the attached Second Amended and Supplemental Complaint and grant all further relief the Court deems just and proper.

Respectfully submitted this 16th day of August, 2026.

/s/ Dennis D. Green, Jr.
DENNIS D. GREEN, JR., ESQ. (GRE154)
Alabama Bar No. 7616U22C
LAW OFFICE OF DENNIS GREEN
P.O. Box 146
Gulf Breeze, FL 32562
Phone: (850) 436-3559
Email: dennis@lawofficeofdennisgreen.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.

/s/ Dennis D. Green, Jr.
DENNIS D. GREEN, JR., ESQ. (GRE154)
Alabama Bar No. 7616U22C
LAW OFFICE OF DENNIS GREEN
P.O. Box 146
Gulf Breeze, FL 32562
Phone: (850) 436-3559
Email: dennis@lawofficeofdennisgreen.com
*Attorney for Plaintiff*