**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CHRISTLE "CC" DIXON-MORENO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 1:25-cv-00325-JB-B |
| | * | |
| CITY OF ORANGE BEACH, et al., | * | |
| | * | |
| Defendants. | * | |

---

**PLAINTIFF'S MOTION TO MODIFY THE RULE 16(b) SCHEDULING ORDER**

1. Plaintiff Christle "CC" Dixon-Moreno respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 16(b)(4) and 26(b)(2)(A) and Civil Local Rule 33(a)(3), to modify the Rule 16(b) Scheduling Order (Doc 45) for good cause. This Motion is independent of Plaintiff's pending Motion for Leave to File Second Amended and Supplemental Complaint. The relief requested is warranted whether or not leave to amend is granted, because it concerns the claims that survived the motion to dismiss.

2. Following the Court's ruling on the motion to dismiss (Doc 39), the surviving claims are the two Alabama Public Records Act counts, the Section 1983 municipal-liability count, and the First Amendment retaliation and viewpoint-discrimination count. The City of Orange Beach holds substantially all of the records responsive to the Public Records Act and municipal-liability claims.

3. By this Motion, Plaintiff requests that the Court:

(a) modify the numerical limits so that each party may serve up to thirty (30) interrogatories, thirty (30) requests for admission, and thirty (30) requests for production on each other party, and, for purposes of those limits, treat the City of

Orange Beach and Mayor Tony Kennon as separate parties, so that Plaintiff may serve on the City a first set of thirty (30) interrogatories, thirty (30) requests for admission, and thirty (30) requests for production separate from the sets already served on Kennon, with a reciprocal allowance to each Defendant;

(b) increase each side's deposition limit from five (5) to eight (8); and

(c) extend the discovery-completion deadline from October 8, 2026 to January 29, 2027, and reset the dispositive-motion deadline accordingly, all in advance of the final pretrial conference set for April 13, 2027.

4. Good cause exists. First, the Scheduling Order's numerical limits have been applied to treat the City and Kennon as a single party because they share counsel. As a result, the City, which holds substantially all of the responsive records on the surviving Public Records Act and municipal-liability claims, has received no interrogatories and no requests for admission. Plaintiff directed her first sets to Kennon in reliance on her understanding at the Rule 26(f) conference that the limits would apply on a per-defendant basis.

5. Second, developments that came to light after the April 15, 2026 Scheduling Order, and that have since entered the public domain through extensive local and statewide press coverage, materially expand the discovery reasonably necessary on the surviving claims. Public reporting has disclosed that the City permitted members of the City Council to view the same body-worn camera footage it withheld from Plaintiff, that a member of the press also viewed the footage, that audio from it circulated publicly, and that three councilmembers publicly filed an ethics complaint concerning the Council's viewing and the Mayor's handling of the footage. See, e.g., *Orange Beach Council Members Allege Mayor Threatened Them Over Body Cam Footage*, Alabama Political Reporter (June 19, 2026); Grant McLaughlin, *OB Hired Former AG Investigator for*

*Review*, Lagniappe (Aug. 6, 2026). These matters were not known at the scheduling conference and bear directly on the surviving retaliation and municipal-liability claims, including who viewed the footage, who authorized that access, the City's records and social-media practices, and the selective disclosure of evidence Plaintiff was denied. Plaintiff relies on these publicly reported matters and will establish them through discovery.

6. Public reporting since the Scheduling Order has also disclosed that the internal review the City has invoked to withhold the requested records under Ala. Code § 12-21-3.1(b) was assigned to a private individual without current law-enforcement authority, who performed only a few days of work before the City abandoned that engagement and its City Attorney assumed the review. See *OB Hired Former AG Investigator for Review*, Lagniappe (Aug. 6, 2026). On information and belief, the City furnished that private individual access to the same body-worn camera footage it withheld from Plaintiff, and questions exist regarding whether he held the license Alabama law requires to perform investigative work. These disclosures bear directly on whether the claimed law-enforcement-investigation exemption is genuine or pretextual and require discovery into the identity, credentials, licensure, engagement, scope, and findings of any person retained to review the incident, the records and footage the City furnished to non-law-enforcement persons, the reasons the engagement was terminated, and the City Attorney's role in the review.

7. Third, Defendant Kennon's responses to Plaintiff's written discovery remain deficient. Plaintiff conferred with defense counsel by telephone with Melissa P. Hunter on August 3, 2026, sent a detailed Rule 37 deficiency letter on August 12, 2026, and set supplementation for August 26, 2026. Additional time is needed to obtain and use that discovery, including any court-ordered relief if the deficiencies are not cured.

8. Plaintiff has diligently pursued discovery. She served written discovery, conferred with defense counsel, sent the deficiency letter, and proposed a written stipulation on the numerical limits. Pursuant to Civil Local Rule 33(a)(3), Plaintiff consulted defense counsel in writing and proposed a stipulation permitting the additional written discovery and depositions, requesting a response by August 19, 2026.

9. Modification will not unfairly prejudice Defendants. The final pretrial conference is set for April 13, 2027, and the modest extension requested here can be accommodated well before that firm setting without disturbing it. The requested modifications will allow the surviving claims to be developed and resolved on a complete record. Even if the Court denies leave to amend, the surviving claims require this discovery and these corrected limits.

WHEREFORE, Plaintiff respectfully requests that the Court modify the Rule 16(b) Scheduling Order as set forth above and grant all further relief the Court deems just and proper. The grounds are further set forth in the incorporated Memorandum in Support.

## MEMORANDUM IN SUPPORT

### I. Introduction

Plaintiff seeks a modest, good-cause modification of the Scheduling Order to correct a numerical-limits problem that has left the City without any interrogatories or requests for admission, to account for material developments that surfaced after the Scheduling Order was entered, and to permit completion of the discovery those developments and the pending deficiencies require. The relief is needed regardless of whether the Court grants Plaintiff's separate Motion for Leave, because it concerns the claims that survived the motion to dismiss.

## II. Background

The Court entered its Rule 16(b) Scheduling Order on April 15, 2026 (Doc 45). Discovery is to be completed by October 8, 2026; the numerical limits are thirty interrogatories and five depositions per party; and the final pretrial conference is set for April 13, 2027. The surviving claims (Doc 39) are the two Public Records Act counts, the Section 1983 municipal-liability count, and the First Amendment retaliation count. Plaintiff served written discovery on Defendant Kennon, conferred with defense counsel on August 3, 2026, and served a Rule 37 deficiency letter on August 12, 2026.

## III. Good Cause Governs Under Rule 16(b)(4)

A scheduling order may be modified only for good cause. Fed. R. Civ. P. 16(b)(4). Good cause turns on the diligence of the party seeking the modification. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998). The Scheduling Order further provides that requests to extend the discovery deadline will be considered only upon a showing of extraordinary circumstances and diligent pursuit of discovery. Plaintiff satisfies both standards. The numerical-limits relief is separately governed by Rule 26(b)(2)(A) and Civil Local Rule 33(a)(3), which authorize additional written discovery by agreement or order.

## IV. Good Cause and Extraordinary Circumstances Are Shown

First, the single-party treatment of the City and Kennon has produced an anomalous result: the City, the custodian of substantially all responsive records on the surviving Public Records Act and municipal-liability claims, has received no interrogatories and no requests for admission. Plaintiff structured her first sets in reliance on her understanding at the Rule 26(f) conference that the limits applied per defendant, and directed them to Kennon. Correcting that limitation is necessary to obtain basic discovery on the claims for which the City is the principal source.

Second, matters that surfaced only after the Scheduling Order, and that are now matters of public record widely reported in the local and statewide press, materially expand the discovery reasonably necessary on the surviving claims. Public reporting that the City permitted the City Council to view the same footage withheld from Plaintiff, that a member of the press viewed it, that audio circulated publicly, and that three councilmembers publicly filed an ethics complaint concerning the Council's viewing and the Mayor's handling of the footage was not available at the scheduling conference. See, e.g., *Orange Beach Council Members Allege Mayor Threatened Them Over Body Cam Footage*, Alabama Political Reporter (June 19, 2026). These matters bear directly on the surviving retaliation and municipal-liability theories, including who viewed the footage, who authorized that access, the City's selective-disclosure and social-media practices, and the pretext for withholding, and Plaintiff will establish them through discovery. They are extraordinary circumstances that could not have been addressed within the limits and schedule set in April 2026.

Public reporting since the Scheduling Order has further disclosed that the review the City invokes to withhold the requested records under Ala. Code § 12-21-3.1(b) was outsourced to a private individual without current law-enforcement authority, who performed only a few days of work before the City abandoned that engagement and its City Attorney completed the review. See *OB Hired Former AG Investigator for Review*, Lagniappe (Aug. 6, 2026). On information and belief, the City furnished that individual access to the same footage it denied Plaintiff, and it is unclear whether he held the license Alabama law requires for investigative work. Whether the claimed exemption reflects a genuine law-enforcement criminal investigation or a litigation-driven pretext is now a central and contested issue on the surviving Public Records Act and municipal-liability claims, and it requires discovery into who was retained to conduct the review, their

credentials and licensure, the terms and scope of the engagement, what records and footage the City provided to non-law-enforcement persons, why the engagement was terminated, and the City Attorney's role. These developments postdate the Scheduling Order and are extraordinary circumstances that diligence could not have anticipated.

Third, Defendant Kennon's discovery responses remain deficient, and Plaintiff has diligently pursued their cure through the August 3 conference and the August 12 deficiency letter, with supplementation due August 26, 2026. Whether the deficiencies are cured voluntarily or require a motion to compel, additional time is needed to obtain and use the discovery. Diligence in pursuing discovery, not delay, has produced the need for this modification.

**V. The Requested Modifications Are Reasonable and Satisfy Local Rule 33(a)(3)**

The requested modifications are proportional to the needs of this case. The surviving claims span the City's public-records decision and its July 17, 2025 administrative review, the alleged selective disclosure of the footage, the City's social-media and moderation practices, and the knowledge, motive, and causation elements of the retaliation and municipal-liability theories, and the post-order developments have broadened the relevant factual terrain. Setting the limits at thirty interrogatories, thirty requests for admission, and thirty requests for production per party, and treating the City and Kennon as separate parties so that Plaintiff may serve a corresponding first set on the City, with a reciprocal allowance to each Defendant, is reasonable and proportionate under Rule 26(b)(1). The increase in the deposition limit from five to eight is proportional to the number of material witnesses, including City officials, custodians, the City Attorney, any person the City retained to review the incident, and other persons with knowledge of the footage and its disclosure. Pursuant to Civil Local Rule 33(a)(3), Plaintiff consulted defense counsel in writing on August 12, 2026 and proposed a stipulation for additional written discovery, requesting a response by August 19, 2026. Plaintiff's stipulation proposal offered at least twenty-five interrogatories,

twenty-five requests for admission, and thirty requests for production per party, and the Court retains discretion under Rule 26(b)(2)(A) and Civil Local Rule 33(a)(3) to set the appropriate figures.

## VI. Modification Will Not Unfairly Prejudice Defendants

The final pretrial conference is set for April 13, 2027. A modest extension of the October 8, 2026 discovery deadline and the corresponding dispositive-motion deadline can be accommodated well before that firm setting, without disturbing it and without prejudice to any party. The alternative, proceeding without the City's written discovery and without discovery into the post-order developments, would prejudice Plaintiff's ability to develop the surviving claims on a complete record.

## VII. Conclusion

For these reasons, Plaintiff respectfully requests that the Court modify the Rule 16(b) Scheduling Order as set forth in the Motion and grant all further relief the Court deems just and proper.

Respectfully submitted this 16th day of August 2026.

/s/ Dennis D. Green, Jr.
DENNIS D. GREEN, JR., ESQ. (GRE154)
Alabama Bar No. 7616U22C
LAW OFFICE OF DENNIS GREEN
P.O. Box 146
Gulf Breeze, FL 32562
Phone: (850) 436-3559
Email: dennis@lawofficeofdennisgreen.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.


/s/ Dennis D. Green, Jr.
DENNIS D. GREEN, JR., ESQ. (GRE154)
Alabama Bar No. 7616U22C
LAW OFFICE OF DENNIS GREEN
P.O. Box 146
Gulf Breeze, FL 32562
Phone: (850) 436-3559
Email: dennis@lawofficeofdennisgreen.com
*Attorney for Plaintiff*