**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

CHRISTLE "CC" DIXON-MORENO,

Plaintiff,

v.

CITY OF ORANGE BEACH, et. al. ,

Defendants.

CIVIL ACTION NO.: 1:25-cv-00325

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants City of Orange Beach, Tony Kennon, Steve Brown, Jamie Logan, Renee Eberly, and Ford Handley respectfully submit this Response in Opposition to Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint (Doc. 56). Defendants do not oppose Plaintiff's request merely because she seeks to supplement her pleading with events occurring after the commencement of this action. Rather, Defendants oppose the Motion to the extent Plaintiff seeks to use those subsequent events to add Councilman Jack Robertson as a new defendant, assert a new individual-capacity claim arising from his alleged activity on a social-media account, and substantially expand the factual, legal, and discovery issues in this action after expiration of the deadline to amend pleadings and join parties.

Plaintiff's proposed amendment is not simply a supplementation of the claims already before the Court. It introduces a new defendant, new alleged conduct, a new social-media forum, and new questions concerning Jack Robertson's authority, the

nature and use of his Facebook account, his moderation decisions, his subjective motivations, and whether his alleged conduct constituted state action. Resolution of those issues will necessarily require discovery beyond that relevant to the existing claims and will materially alter the posture and scope of this litigation.

For those reasons, Plaintiff has not demonstrated that modification of the Court's Scheduling Order to permit joinder of Robertson is warranted under Rule 16(b)(4), and the resulting delay and prejudice provide additional grounds for denying leave under Rules 15, 20 and 21.

**I. Rule 16(b)(4), not Rule 15's liberal amendment standard, is the threshold inquiry.**

Plaintiff acknowledges that that deadline for amending pleadings and joining parties has expired. Accordingly, Plaintiff must establish "good cause" under Rule 16(b)(4) for her proposed amendment. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418-19 (11th Cir. 1998).

The Eleventh Circuit has repeatedly emphasized that Rule 16's good cause requirement is not a formality. The standard exists to preserve the integrity and utility of the scheduling order. *Id.* at 1419. Thus, a party seeking amendment after the scheduling-order deadline must demonstrate that the schedule could not have been met despite that party's diligence. *Id.*; see also *Smith v. Sch. Bd..*, 487 F.3d 1361, 1366-67 (11th Cir. 2007).

Plaintiff emphasizes that Robertson's alleged June 30, 2026 conduct occurred after the amendment deadline. Defendants do not dispute that chronology. But the

fact that an event occurred after a pleading deadline does not, standing alone, establish good cause to modify the scheduling order so that every subsequent dispute between the plaintiff and another person may be incorporated into an existing lawsuit. Rule 15(d) provides a procedural mechanism for supplemental pleadings; it does not eliminate Rule 16(b)(4), Rule 20's joinder requirements, or the Court's discretion to manage the scope and schedule of the litigation.

Indeed, Plaintiff seeks far more than permission to allege a newly occurring fact relevant to an existing claim. She seeks to add an entirely new individual defendant based upon conduct occurring after this lawsuit began and to assert a separate constitutional claim against him. The Court should therefore consider not simply whether the alleged events post-date the amendment deadline, but whether good cause exists to reopen the pleadings and materially expand this case at its present stage.

## II. The proposed claim against Robertson would materially expand the scope of this litigation.

The proposed claim against Robertson raises factual and legal issues distinct from the claims currently pending against the City of Orange Beach and Tony Kennon.

According to Plaintiff, Robertson published a Facebook post on or about June 30, 2026, restricted who could comment on that post, and thereafter blocked the Plaintiff from his account. Plaintiff seeks to convert those alleged actions into a new § 1983 claim against Robertson in his individual capacity for damages and in his official capacity for declaratory and injunctive relief. That claim will require

litigation of matters that are not merely incidental to the existing claims. Among other things, the parties will be required to address: (1) the ownership, history and operation of Robertson's Facebook account; (2) the extent to which Robertson used the account for personal versus governmental communications; (3) the identify of persons who may have had administrative authority over the account; (4) the particular posts from which Plaintiff claims she was excluded; (5) the circumstances surrounding any restriction or blocking of Plaintiff; (6) the scope of Robertson's authority as a council member; (7) whether any source of state or local law authorized Robertson to speak on behalf of the City concerning the particular matters at issue; (8) whether Robertson purported to exercise governmental authority when engaging in the challenged conduct; and (9) whether Robertson is entitled to qualified immunity.

Those issues arise directly from the Supreme Court's state-action framework in *Lindke v. Freed*, 601 U.S. 187 (2024), which requires consideration of whether the official possessed actual governmental authority to speak on the particular matter and purported to exercise that authority in the challenged social-media activity.

Plaintiff's own Motion demonstrates the breadth of the new inquiry. She alleges an "established Council practice and usage" authorizing Robertson to communicate with the public concerning Council business and contends that this alleged authority extended to the particular subject of his Facebook post. (Doc. 56, p. 10). She further alleges that Robertson possessed "final and unreviewable authority" over participation in certain Facebook spaces. (Doc. 56, p. 13). Those are

new factual propositions requiring discovery, possible expert witness involvement, and, potentially, dispositive-motion practice. They are not established simply because Robertson is a member of the City Council.

Thus, although Plaintiff characterizes Robertson's conduct as part of a single "continuing controversy," the proposed amendment creates a distinct constitutional inquiry involving a new actor, new conduct, a different alleged communications channel, and a separate state-action analysis.

### III. The alleged relationship between Robertson's conduct and the existing litigation does not require joinder under Rule 20.

Rule 20 permits joinder; it does not require the Court to add every person whose later conduct tangentially concerns an existing lawsuit.

Plaintiff relies heavily upon the fact that Robertson allegedly referred to the Plaintiff, this litigation, and body-worn camera footage in his Facebook post. But a common subject matter does not necessarily transform distinct conduct by different individuals at different times into the same transaction or occurrence for purposes of permissive joinder. The presently pending claims arise from alleged conduct by the existing Defendants concern Plaintiff's public records request and the Plaintiff being blocked from Tony Kennon's official Facebook page. The proposed claim against Robertson arises from his alleged operation and moderation of a different Facebook account almost a year later. The fact that Robertson allegedly discussed matters implicated in this lawsuit may make the facts related in a general sense, but the operative conduct underlying the proposed claim is different. A separate

analysis will be required as it concerns the claim Plaintiff seeks to assert against Robertson.

Rule 20 was not intended to permit an existing action to become a vehicle for adjudicating every later dispute that references the facts of a separate legal controversy. Here, joinder would require substantial new discovery and delay disposition of the existing claims.

## IV. Adding Robertson at this stage would cause undue prejudice and delay.

Plaintiff minimizes prejudice by asserting that "[a]ny schedule modification necessitated by Robertson's joinder can be addressed though a reasonable amended scheduling order after he appears." (Doc. 56, p. 14). Adding Robertson would not simply require service of another pleading. Robertson is entitled to undertake an entire array of different actions including motion practice seeking dismissal of the lawsuit, and possible appeal if a motion to dismiss based on qualified immunity is denied. Further, should he choose to answer the Complaint, Robertson would be entitled to investigate the allegations made against him, participate in discovery, and defend the new claim asserted against him. The existing Defendants would likewise need discovery concerning Plaintiff's "extended" municipal liability claims. Rule 15 does not require a Court to permit an amendment where the resulting prejudice and disruption outweigh whatever efficiency might theoretically be gained by litigating the claims together. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing undue delay and undue prejudice as grounds for denying leave). If

Plaintiff believes that Robertson's conduct violated her constitutional rights, she may pursue whatever separate remedies are otherwise available to her. The existence of that option weighs against disrupting the schedule and expanding the scope of this action.

## V. Conclusion

Plaintiff's Motion characterizes the proposed Amended Complaint as a targeted supplementation based upon post-filing events. As to Robertson, however, the proposed Amended Complaint does substantially more. It adds a new individual defendant based on conduct occurring nearly a year after this case was filed and introduces a discrete constitutional dispute concerning Robertson's Facebook account, his governmental authority, his alleged motives, and qualified immunity.

Accordingly, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to File Second Amended and Supplemental Complaint.

**s/Melissa P. Hunter**
ANDREW J. RUTENS (RUTEA8549)
arutens@gallowayllp.com
MELISSA P. HUNTER (HUNTM3367)
mhunter@gallowayllp.com
EDWARD T. OVERTON, SR. (OVE010)
toverton@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629
PH: (251)476-4493
FX: (251)479-5566
*Attorneys for City of Orange Beach, Mayor Tony Kennon, Chief Steve Brown, City Attorney Jamie Logan, City Clerk Renee Eberly, and City Administrator and Finance*

*Director Bedford "Ford" Handley*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Dennis D. Green Jr.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

**s/Melissa P. Hunter**