**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTLE "CC" DIXON-MORENO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ORANGE BEACH, et. al. ,<br><br>Defendants. | CIVIL ACTION NO.: 1:25-cv-00325 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Come now the Defendants City of Orange Beach, Tony Kennon, and Jack Robertson, collectively, "Defendants," and answer the Plaintiff's Second Amended Complaint as follows:

### I. Nature of the Action

1. through 3. These paragraphs are Plaintiff's own characterization of her lawsuit and require no response from Defendants. Otherwise, denied.

### II. Parties

4. Defendants are aware that Plaintiff Christle "C.C." Dixon-Moreno ("Moreno") regularly posts on Facebook and other social media platforms, but are otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus the same are denied.

5. Defendants admit that the City of Orange Beach ("the City") is an Alabama municipal corporation, but due to the vagueness of this allegation, are without

sufficient knowledge or information to form a belief as to the truth of the remaining allegations as stated in this paragraph, and thus the same are denied.

6. Defendants admit Tony Kennon ("Kennon") is the City's Mayor and that the Plaintiff alleges claims against him personally.

7. Defendants admit Jack Robertson ("Robertson") is a member of the Orange Beach City Council and that Plaintiff alleges claims against him personally and in his official capacity. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of the paragraph, and thus same are denied.

## III. Jurisdiction and Venue

8. As alleged in the Complaint, admitted.

9. As alleged in the Complaint, admitted.

## IV. Standing and Residency

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus deny this allegation.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus deny this allegation.

## V. General Allegations

12. Denied as stated.

13. Denied.

14. This paragraph attempts to state the text of an Alabama Code section. The Code speaks for itself. Any deviation from the language of the Code section or interpretation of the Code section by the Plaintiff is denied.

15. Defendants deny that the Plaintiff "re-entered" the same public records requests made before filing suit. The contents of the public records requests made by the Plaintiff speak for themselves. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and thus deny same.

16. This paragraph attempts to interpret Act 2023-507. That Act speaks for itself. Any deviation from the language of the Act, or Plaintiff's interpretation of the Act, is denied.

17. This paragraph is vague and confusing to the point that Defendants are unable to fashion a response. Otherwise, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus deny same.

18. Denied.

19. Denied as stated.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants admit the first sentence, and deny the remaining allegations of the paragraph.

26. Denied.

27. Denied.

28. Denied.

29. The Defendants admit that a vehicle inventory list was produced and that Plaintiff's request was denied as to additional categories of documents. Defendants deny the remaining allegations of the paragraph and demand strict proof thereof.

30. Denied.

31. Denied.

32. This paragraph contains legal conclusions and argument by the Plaintiff and is denied.

33. This paragraph contains legal conclusions and argument by the Plaintiff and is denied.

**VI. Supplemental Allegations**

34. Denied as stated.

35. Defendants admit that members of the City Council viewed the footage with legal counsel in a duly authorized executive session. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and thus deny same.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph, and thus deny

same.

37. Denied as stated.

38. Denied as stated.

39. Denied as stated.

40. Denied as stated.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied as stated.

46. Denied.

47. Denied as stated.

## VII. Claims for Relief

The unnumbered paragraph preceding paragraph 48 requires no response.

## VIII. Count I

48. Defendants incorporate their prior responses as if set forth fully herein.

49. Denied.

50. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and thus deny same.

51. Denied.

52. Defendants deny that the Plaintiff is entitled to the requested records.

53. Defendants deny that the Plaintiff is entitled to the relief requested.

**Count II – Alabama Public Records Act: Enforcement and Injunctive Relief**

54. Defendants adopt and incorporate their prior responses as if set forth fully herein.

55. Denied as stated.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Defendants deny that the Plaintiff is entitled to the relief requested.

**Count III – First Amendment Retaliation and Viewpoint Discrimination – Municipal Liability**

61. Defendants adopt and incorporate their prior responses as if set forth fully herein.

62. Defendants deny, separately and severally, the factual allegations Plaintiff claims support her claim of "protected First Amendment activity," thus this allegation is denied.

63. Denied.

64. To the extent that the Plaintiff is attempting to allege a statement of the law, Defendants deny same. Defendants further deny that they engaged in retaliatory or viewpoint based discrimination.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

1. [sic] Defendants deny that the Plaintiff is entitled to the relief requested.

**Count IV – First Amendment Retaliation and Viewpoint Discrimination against Tony Kennon**

2. Defendants adopt and incorporate their prior responses as if set forth fully herein.

3. Defendants admit that Kennon had authority to speak for the City as it concerns the official mayoral social-media page. Defendant denies the remaining allegations of the paragraph.

4. Denied.

5. Denied as stated.

6. To the extent that the Plaintiff is attempting to allege a statement of the law, Defendants deny same.

7. Denied.

8. Denied.

9. Defendants admit that a letter was sent to the City notifying the City of the alleged block. Defendants deny the remaining allegations of the paragraph.

10. Defendants deny that the Plaintiff is entitled to the relief requested.

**Count V – First Amendment Retaliation and Viewpoint Discrimination against Jack Robertson**

11. Defendants adopt and incorporate their prior responses as if set forth fully herein.

12. Denied.

13. Denied as stated.

14. Denied.

15. Denied.

16. Denied.

17. Denied as stated.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied as stated.

23. Denied.

24. Defendants deny that the Plaintiff is entitled to the relief requested.

**Prayer for Relief**

Defendants deny that the Plaintiff is entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

1. The Complaint or counts of the Complaint fail to state a claim upon which relief can be granted.
2. The Complaint is barred due to the absence of any justiciable controversy suitable for declaratory judgment.

3. Defendant pleads all applicable immunities for municipalities and municipal officers, employees, or representatives, including discretionary function and state agent immunity, and any other statutory or common law immunity providing protection from plaintiff's claims.
4. The allegations as denied raise questions upon which reasonable differences may exist in view of all the circumstances; the wisdom of the Defendants' actions is fairly debatable; and the actions of the Defendant are not arbitrary or capricious. As such, under existing state law, the Court should not substitute its judgment for that of the Defendants.
5. To the extent that any claim is based on negligence, Defendants plead contributory negligence and/or assumption of the risk.
6. Defendants plead fraud and/or concealment and/or deceit by Plaintiff.
7. Plaintiff lacks standing to assert the claims or raise the issues in the Complaint.
8. There is no right to attorneys' fees under the legal theories made the basis of the Complaint.
9. Any issues raised by Plaintiff are not ripe for decision.
10. The requested relief seeks to have the Court usurp the legitimate legislative authority of a city council.
11. Plaintiff has failed to allege that there has been a violation of Alabama law by means that were pretextual, arbitrary and capricious and/or without any rational basis.

12. Defendants plead lack of causal relation between any of Defendants' acts or omissions and any damages to or claims for relief by Plaintiff.
13. Plaintiff's damages, if any, were or are proximately caused by a superseding or intervening cause other than the acts or omissions of Defendants.
14. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel and/or quasi-estoppel.
15. Plaintiffs' fraud allegations are insufficient because the allegations lack the required particularity set forth in the Federal Rules of Civil Procedure and/or as required by the *Iqbal*/*Twombly* standards.
16. Plaintiff" claims are barred by the doctrine of ratification or consent.
17. Plaintiff's claims are barred by agreement or settlement.
18. Defendant pleads the Statute of Frauds.
19. Defendant pleads justification.
20. Defendant claims the benefits of Ala. Code § 11-47-190 (including the limitations on liability of a municipality).
21. Defendant claims the benefits of Ala. Code § 11-47-191.
22. Defendant claims the benefits of Ala. Code § 11-93-2 (limiting the liability of municipalities).
23. Plaintiff's claims are barred for failure to comply with the applicable statute of non-claims.
24. The City cannot be held liable for intentional or wanton conduct.
25. Plaintiff failed to mitigate the claimed damages.

26. Defendant pleads legislative or quasi-legislative immunity.
27. There is no equal protection clause in the Alabama Constitution. Even if equal protection is somehow imbedded in one or more provisions of the Alabama Constitution, there is no civil cause of action for damages.
28. The Alabama Constitution does not support a civil action for damages, including a claim based on a due process violation.
29. There is no recognized vested right under the laws of the State of Alabama sufficient to support a civil cause of action for the claims as alleged.
30. Defendant pleads lack of subject matter jurisdiction.
31. The Complaint should be dismissed on the grounds that it presents a non-justiciable political question more properly resolved by the legislature rather than the judiciary.
32. Defendant specifically pleads all affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure which are applicable to this case.
33. Plaintiff's claims are barred by their failure to exhaust administrative remedies.
34. Defendant pleads the doctrine of unclean hands.
35. Plaintiffs have an adequate remedy at law, thus, any injunctive or declaratory relief is unavailable.
36. Defendant pleads accord and satisfaction.
37. Defendant pleads release.
38. Defendant pleads mootness.

39. Defendant pleads lack of a final decision.

40. Defendant pleads failure to add a necessary or indispensable party.

41. Defendant pleads unconscionable and/or inequitable conduct by Plaintiff.

42. The acts and ordinances referenced in the Complaint do not authorize or provide a cause of action for their breach, and there is no cause of action under Alabama law for their breach.

43. Plaintiffs cannot obtain punitive damages under the claims alleged in this lawsuit.

44. Punitive damages cannot be awarded pursuant to Ala. Code § 6-11-26.

45. Defendant pleads substantive immunity.

46. Defendants plead qualified immunity.

47. Any alleged speech by Plaintiff is not protected speech.

48. Any restrictions on First Amendment rights were reasonable, narrowly-tailored, and served a substantial governmental interest.

49. No cause of action exists under the First Amendment for failure to produce records in response to a state public record request.

50. Defendants plead all statutory exemptions to production of records in response to plaintiff's public record requests.

51. Defendants plead all common law exemptions to production of records in response to plaintiff's public record requests.

52. Plaintiff's requests constitute an unwarranted invasion of personal privacy.

53. Any alleged block of facebook access was to a private personal page that in

toto did not garner First Amendment protection.

54. Plaintiff's requests improperly seek records having of the type an impact upon the security or safety of persons, structures, or facilities.

55. Plaintiff's requests were vague, ambiguous, overly broad, and/or unreasonable in scope.

56. Plaintiff's requests seek records that do not exist.

57. Defendants plead Ala. Code § 36-21-212.

58. Plaintiff's requests seek records that are not public records.

59. Defendants were not obligated to respond to record requests that did not follow the City's procedures for making public record requests.

60. Plaintiff had no legitimate purpose for the requested documents and/or failed to state a legitimate purpose for the requested documents.

61. Defendants reserve the right to state additional affirmative defenses that may become applicable as discovery proceeds.

**s/Melissa P. Hunter**
ANDREW J. RUTENS (RUTEA8549)
arutens@gallowayllp.com
MELISSA P. HUNTER (HUNTM3367)
mhunter@gallowayllp.com
EDWARD T. OVERTON, SR. (OVE010)
toverton@gallowayllp.com
GALLOWAY, WETTERMARK
& RUTENS, LLP
Post Office Box 16629
Mobile, Alabama 36616-0629
PH: (251)476-4493
FX: (251)479-5566

*Attorneys for City of Orange Beach, Tony Kennon, and Jack Robertson*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of November 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

Dennis D. Green Jr.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

None.

**s/Melissa P. Hunter**